UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

CASE NO.:

CARLOS CUESTA and ACCESS 4 ALL
INCORPORATED,

       Plaintiffs,
v.

CREATIVE INVESTMENTS LIMITED
LIABILITY COMPANY D/B/A
FAIRWAYS CENTER and SANPIN
FOOD 6 INC D/B/A HONG KONG CAFÉ
RESTAURANT,

       Defendants.
_____/

## COMPLAINT

Plaintiffs, CARLOS CUESTA and ACCESS 4 ALL INCORPORATED, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues, CREATIVE INVESTMENTS LIMITED LIABILITY COMPANY D/B/A FAIRWAYS CENTER and SANPIN FOOD 6 INC D/B/A HONG KONG CAFÉ RESTAURANT (hereinafter "Defendants"), and as grounds alleges:

JURISDICTION, PARTIES. AND VENUE

1. The is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 2201 and

2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4.  Plaintiff, CARLOS CUESTA, is an individual over eighteen years of age, who splits he time between Florida and Colorado, and is otherwise *sui juris*. Plaintiff, CARLOS CUESTA, is a member of the Not for Profit Corporation, ACCESS 4 ALL INCORPORATED.

5.  Plaintiff, ACCESS 4 ALL INCORPORATED, is a Florida Not for Profit Corporation, formed under the laws of the State of Florida, and maintains its principal office at Torrence, California.

6.  At all times material, Defendant, CREATIVE INVESTMENTS LIMITED LIABILITY COMPANY, was and is a Colorado Limited Liability Limited Partnership, organized under the laws of the state of Colorado, with its principal place of business in Denver, Colorado.

7.  At all times material, Defendant, CREATIVE INVESTMENTS LIMITED LIABILITY COMPANY, owned and operated a commercial shopping center located at 10890 E Dartmouth Ave, Denver, Colorado 80014 (hereinafter the "Commercial Property"). Defendant, CREATIVE INVESTMENTS LIMITED LIABILITY COMPANY, holds itself out to the public as "FAIRWAYS CENTERS".

8.  At all times material, Defendant, SANPIN FOOD 6 INC, was and is a Colorado Corporation, organized under the laws of the state of Colorado, with its principal place of business in Denver, Colorado.

9.  At all times material, Defendant, SANPIN FOOD 6 INC, owned and operated a commercial restaturant located at 10890 E Dartmouth Ave Unit C, Denver, Colorado 80014 (hereinafter the "Commercial Property"). Defendant, SANPIN FOOD 6 INC, holds itself out to the public as "HONG KONG CAFÉ RESTAURANT".

10. Venue is properly located in the District of Colorado because Defendants' Commercial Property and place of public accommodation is located in Denver, Colorado, Defendants regularly conduct business within Denver, Colorado, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Denver, Colorado.

## FACTUAL ALLEGATIONS

11. Although nearly thirty (30) years have passed since the effective date of Title III of the ADA, Defendants have yet to make their facilities accessible to individuals with disabilities.

12. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of the abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendant's Commercial Property and the Defendants' business therein, including the restaurant.

13. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

14. Plaintiff, CARLOS CUESTA, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff is, among other things, a hemiplegic with partial paralysis on his left side of the body. His mobility is limited and can only stand for short intervals. He also has great deal of trouble walking more than short distances. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching using the left side of his body. Plaintiff, CARLOS CUESTA, is also a member of the ACCESS 4 ALL INCORPORATED organization, discussed in more detail below.

15. Defendants, CREATIVE INVESTMENTS LIMITED LIABILITY COMPANY and SANPIN FOOD 6 INC, own, operate and oversee the Commercial Property, its general

parking lot and parking spots specific to the business therein, and they own, operate, and oversee said Commercial Property located in Denver, Colorado, that is the subject of the Action.

16. The subject Commercial Property is open to the public and is located in Denver, Colorado. The individual Plaintiff visits the Commercial Property regularly, to include a visit to the property on or about July 28, 2022 and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial property and the businesses located therein. He plans to return to the Commercial Property and the business located within the Commercial Property, in order to avail himself of the goods and services offered to the public at the business therein, if the property/business become accessible.

17. Plaintiff visited the Commercial Property as a patron/customer, visits the Commercial Property and business within the Commercial Property as a patron/customer. He attended a quarterly meeting for member of the ACCESS 4 ALL INCORPORATED organization, as a member. He intends to return to the Commercial Property and business therein in order to avail himself of the goods and services offered to the public at the property. Plaintiff spends much of his time in and near Jefferson County, Colorado, in the same state as the Commercial Property, has regularly frequented the Defendant's Commercial Property and the business located within the Commercial Property for the intended purposes, and intends to return to the property within three (3) months' time of the filing of the Complaint involving ACCESS 4 ALL INCORPORATED.

18. The Plaintiff found the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property and wishes to continue his patronage and use of the premises.

19. ACCESS 4 ALL INCORPORATED, is a not-for-profit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are

representative of a cross-section of the disabilities protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESS 4 ALL INCORPORATED, and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow him or her to bring suit in his or her own right. CARLOS CUESTA has also been discriminated against because of its association with its disabled members and their claims.

20.     The Plaintiff, CARLOS CUESTA, has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property and business therein.  The barriers to access at Defendant's Commercial Property and Defendants' business within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and endangered his safety.  The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, CARLOS CUESTA, and others similarly situated.

21.     Plaintiff, CARLOS CUESTA, has also been discriminated against because of the Title III ADA violations on the Defendants' place of public accommodation.

22.     Defendants, CREATIVE INVESTMENTS LIMITED LIABILITY COMPANY and SANPIN FOOD 6 INC D/B/A, own and/or operate, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants own and/or operate is the Commercial Property business located

5

at 10890 E Dartmouth Ave, Denver, Colorado 80014.

23.     Plaintiffs, CARLOS CUESTA and ACCESS 4 ALL INCORPORATED, have a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and the businesses located within the Commercial Property, including but not necessarily limited to the allegations in Counts I and II of the Complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and businesses located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and businesses located therein, not only to avail himself of the goods and services available at the Commercial Property, and businesses located within the Commercial Property, but to assure himself that the Commercial Property and businesses located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property, and businesses located within the Commercial Property without fear of discrimination.

## COUNT I – ADA VIOLATIONS
## AS TO CREATIVE INVESTMENTS LIMITED LIABILITY COMPANY

24.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 23 above as though fully set forth herein.

25.     Defendant, CREATIVE INVESTMENTS LIMITED LIABILITY COMPANY, has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

26.     Defendant has discriminated, and continue to discriminate, against Plaintiff in

6

violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have ten (10) or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Defendant's Commercial Property and Defendants' business within the Commercial Property, include, but are not limited to, the following:

    A. <u>Parking and Exterior Accessible Route</u>

i. Accessible spaces, the center parking spaces located near "International Fashion", lack clear and level aisles, they have slopes or cross slope of 4.4% (>2%) endangering Carlos Cuesta when unloading and violating the ADAAG and ADAS Section 502.

ii. Accessible spaces, located near "Fairway Liquor", lack clear and level aisles, they have slopes or cross slope of 3.7% (>2%) endangering Carlos Cuesta when unloading and violating the ADAAG and ADAS Section 502.

iii. Parking spaces, located near "International Fashion", are not on the nearest, most direct accessible route from parking to access facility entrances, violating the ADAAG and ADAS Section 502. Preventing Carlos Cuesta from safely accessing Fairway Center without rest or assistance.

iv. Plaintiff, Carlos Cuesta, was unable to find signs posted at insufficient heights of N/A (< 60" AFF), located near "International Fashion", violating ADAAG Section 4.6 and ADAS Section 502.

v. Plaintiff, Carlos Cuesta, was unable to find signs posted at insufficient heights of N/A (< 60" AFF), located near "Fairway Liquors", violating ADAAG Section 4.6 and ADAS Section 502.

 vi. Plaintiff, Carlos Cuesta, could not safely unload as ramps protrude into the parking areas or access aisles at Fairway Center creating slopes of 10.2% and violating ADAAG Section 4.8 and 2010 ADAS Section 406.5.

 vii. Plaintiff, Carlos Cuesta, could not safely unload as ramps, near "Fairway Liquor", protrude into the parking areas or access aisles at Fairway Center creating slopes of and violating ADAAG Section 4.8 and 2010 ADAS Section 406.5.

 viii. Carlos Cuesta could not safely unload as ramps, near "El Costenito", protrude into the parking areas or access aisles at Fairway Center creating slopes of and violating ADAAG Section 4.8 and 2010 ADAS Section 406.5.

 B. <u>Entrance Access and Path of Travel</u>

 i. Ramp surface contains an excessive slope/side slope of > 11% (> 8.33%) in violation of ADAAG Section 4.8 and Section 405 2010 ADAS.

 ii. Curb ramps at Fairway Center contain excessive slopes of > 10% (>8.33 %) preventing Carlos Cuesta from safe unloading violating ADAAG and ADAS Section 406.

 iii. Ramp at Fairway Center is > 6' in length and lacks compliant handrails or extensions violating Section 4.8 of the ADAAG and Section 405.8 of the 2010 ADAS.

**COUNT II – ADA VIOLATIONS**
**AS TO CREATIVE INVESTMENTS LIMITED**
**LIABILITY COMPANY and SANPIN FOOD 6 INC**

 27. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 23 above as though fully set forth herein.

 28. Defendant, CREATIVE INVESTMENTS LIMITED LIABILITY COMPANY, has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the

Commercial Property and other business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

29.     Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have ten (10) or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Defendants' Commercial Property and restaurant business within the Commercial Property, include, but are not limited to, the following:

A. <u>Restrooms</u>

i. Plaintiff, Carlos Cuesta cannot access the restroom at Hong Kong Café because the Restroom door has improper hardware, violating Section 4.13.9 of the ADAAG.
ii. There are exposed pipes in restrooms at Hong Kong Café, causing safety issues for Plaintiff, Carlos Cuesta, violating Section 4.19.4 of the ADAAG.
iii. Plaintiff, Carlos Cuesta unable to use Mirror due to bottom-reflecting surface > 53" AFF (40" AFF max), violating the ADAAG and 2010 ADAS.
iv. Grab bars Side grab bar do not comply with the ADAAG and 2010 ADAS Sections 604 and 609, creating a hazardous condition for Carlos Cuesta.
v. Grab bars Rear grab bar do not comply with the ADAAG and 2010 ADAS Sections 604 and 609, creating a hazardous condition for Plaintiff, Carlos Cuesta.
vi. Toilet has improper centerline > 18" from side wall; (16" to 18"), denying access to Plaintiff, Carlos Cuesta, violating the 2010 ADAS.

**RELIEF SOUGHT AND THE BASIS**

30.     The discriminatory violations described in this Complaint are not an exclusive list

of the Defendants' ADA violations.  Plaintiff requests an inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, CARLOS CUESTA, from further ingress, use, and equal enjoyment of the Commercial Property and the business therein; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

31.     The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendant's Commercial Property and the Defendants' business within the Commercial Property; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above.  The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy the discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

32.     Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of

42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

33. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought.  Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.  Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

34. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy the discriminatory situation, the Plaintiff require an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

35. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendants.

36. Pursuant to 42 U.S.C. § 12188, the Court is provided with authority to grant

Plaintiff's Injunctive Relief, including an order to alter the property where Defendants operate its business, located within the Commercial Property located in Denver, Colorado, the interiors, exterior areas, and the common exterior areas of the Commercial Property and restaurant business to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure its violations of the ADA.

WHEREFORE, the Plaintiffs, CARLOS CUESTA and ACCESS 4 ALL INCORPORATED, respectfully request that the Honorable Court issue (i) a Declaratory Judgment determining Defendant, at the commencement of the subject lawsuit, was and is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: August 29, 2022

           **GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
1600 Broadway, Suite 1600
Denver, CO  80202
Telephone:  (303) 386-7208
Facsimile:   (305) 553-3031
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mail: dperaza@lawgmp.com
bvirues@lawgmp.com.

By: ___*/s/ Anthony J. Perez*___
      ANTHONY J. PEREZ

13